**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                                         |       |                           |
|-----------------------------------------|-------|---------------------------|
|                                         | *     |                           |
| **LAURA H.G. O'SULLIVAN,** *et al.*     | *     |                           |
|        **Plaintiffs,**                  | *     |                           |
| **v.**                                  | *     | **Case No.: PWG-16-1281** |
| **ALPHONSO WALKER,** *et al.*,          | *     |                           |
|        **Defendants.**                  | *     |                           |
|                                         | *     |                           |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Laura H.G. O'Sullivan, Deborah K. Curran, Erin M. Brady, Diana C. Theologou, Laura L. Latta, Jonathan Elefant, and Chastity Brown, as Substitute Trustees, initiated a foreclosure action against Defendants Alphonso Walker and Novella L. Walker in the Circuit Court for Prince George's County, Maryland with regard to the property at 2404 Amherst Road, Hyattsville, MD 20783.  Order to Docket, ECF No. 2.  Defendants, who are proceeding *pro se*, removed to this Court, and I must determine whether this Court has subject matter jurisdiction over this foreclosure proceeding or whether it should be remanded to state court, as Plaintiffs request.[1]  Plaintiffs did not raise any federal questions in the state court proceedings against Defendants, and the filings, factually sparse as they are, suggest that Defendants, if not all parties, are Maryland residents.  *See* Civ. Cover Sheet, ECF No. 1-1.  Moreover, contrary to Defendants' assertion, the United States is not named as a defendant.  *See id.*  I conclude that this Court lacks subject matter jurisdiction, and I remand this case.

---

[1] Plaintiffs filed a Notice of Intent to File Motion to Remand, ECF No. 63.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331, as well those "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States," pursuant to 28 U.S.C. § 1332(a). Federal district courts also have jurisdiction when the United States Government is named as a defendant. 28 U.S.C. § 1346(a)(2). When a plaintiff files such an action in state court, the action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants contend that this Court has jurisdiction because the United States Government is a defendant. Civ. Cover Sheet. Yet, the United States is not a party to this case. *See* Order to Docket; State Ct. Docket.[2]  Additionally, Plaintiffs do not raise any federal question. *See* Order to Docket. Defendants state on their Civil Cover Sheet that the cause of action involves "claims against property and franchise of the federal gov[ernment] thru state court." Civ. Cover Sheet. But, it is evident from the Order to Docket and the state court docket that, as Plaintiffs assert, the case "is an *in rem* action in Prince George's County, Maryland, utilizinfg the laws of Maryland Real Property … ." Pls.' Ltr. 1, ECF No. 63; *see* Order to Docket; State Ct. Docket. Even if Defendants had properly pleaded a counterclaim that a federal law was violated, it would not give rise to federal question jurisdiction, because "'the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed ... It is insufficient that a federal question has been raised as a matter of defense

---

[2] I take judicial notice of the state court docket on the Maryland Judiciary Case Search website. *See* Fed. R. Evid. 201.

or as a counterclaim.'" *Herman v. Lincoln Nat'l Life Ins. Co.*, 842 F. Supp. 2d 851, 853 (D. Md. 2012) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998) (citing 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557)). Therefore, this Court does not have federal question jurisdiction. *See* 28 U.S.C. § 1331.

Nor does this Court have diversity jurisdiction. In their Civil Cover Sheet, Defendants identify themselves as Prince George's County residents. Therefore, even if none of the Plaintiffs are Maryland citizens, it is undisputed that Defendants are Maryland citizens and Plaintiffs brought this case in Maryland. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Simply put, this is an *in rem* foreclosure action concerning Maryland real property brought against Maryland residents, and no basis exists for federal question or diversity jurisdiction. Further, the United States is not a party to the action. Because this Court lacks subject matter jurisdiction, I will remand this case to the Circuit Court for Prince George's County. *See* 28 U.S.C. § 1447(c).

Accordingly, it is, this 9th day of June, 2016, hereby ORDERED that the Clerk IS DIRECTED to remand this case to the Circuit Court for Prince George's County, Maryland, and to close this case.

_____/S/_____
Paul W. Grimm
United States District Judge

lyb